UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS FREDERICK,

          **Plaintiff**

    v.                                        Case No. 1:09-cv-947-HJW

COMMISSIONER OF SOCIAL SECURITY,

          **Defendant**

## ORDER

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 20) and plaintiff's objections (doc. no. 24). The Commissioner has not filed any response to the objections. Plaintiff, a claimant for Supplemental Security Income ("SSI"), brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying plaintiff's application for benefits. The Magistrate Judge recommended that substantial evidence supports the Commissioner's findings and that the Commissioner's final decision should be affirmed.  Upon review of the record, including the objections, this Court agrees with the Magistrate Judge's recommendations and will <u>affirm</u> the Commissioner's final decision for the following reasons:

**I. Background**

Plaintiff was born in 1959, has a high school education, communicates in English, is divorced, lives with his girlfriend, has a history of alcohol abuse, and has past relevant work experience as a maintenance worker for the City of Fairfield Water

Company. (TR 23-24, 64-67, 105-06, 159, 161, 164, 203). Plaintiff worked for the water company from 1978 until 1998, initially as a meter reader and later, doing "heavy" work repairing pumps, motors, valves, and maintaining pump stations (TR 24, 66, 70, 205-206, 219). Plaintiff was involved in a motor vehicle accident in the early 1990s (TR 65, 207) and in 1993 had successful discectomy surgery to repair a herniated disc at L5-S1. After surgery, he was pain-free and returned to 'heavy" work on a full time basis until 1998 (TR 24, 207). Plaintiff was fired in February of 1998 after missing work because he was jailed for domestic violence (TR 65, 103, 105).

On or about December 13, 2005, plaintiff filed an application for SSI benefits, alleging an onset of disability as of February 1, 1998, due to alleged back problems, alcoholism, and depression (TR 64). Plaintiff has acknowledged that he worked part-time as a plumber after his alleged onset date in 1998, but apparently did not report these earnings to the IRS (TR 19, 206). Plaintiff alleges he last worked in December of 2005 when he filed for SSI benefits. Plaintiff's application was denied initially and upon reconsideration. Upon plaintiff's request, an administrative law judge ("ALJ") held an evidentiary hearing on October 27, 2008. Plaintiff was represented by counsel and testified at the hearing. A vocational expert also testified at the hearing (TR 218-224).

The evidence before the ALJ at the time of the hearing included the report of consulting examiner Dr. Loraine Glaser, M.D.; the report of psychological consulting examiner Dr. Chiappone, Ph.D.; two RFC assessments by different state agency physicians, Dr. Walter Holbrook, M.D., and Dr. Gary Hinzman, M.D.; the treatment

notes and RFC opinion of plaintiff's family practitioner, Dr. Chetna Mital, M.D.; and various medical records, including notes from four visits to neurologist Dr. Ashraf Nassef, M.D. Additionally, the ALJ elicited testimony from the vocational expert regarding the numbers of jobs at the medium and light exertional levels that plaintiff was able to perform within his restrictions (TR 219-221).[1]

On November 20, 2008, the ALJ issued a decision denying plaintiff's SSI application for benefits (TR 14-26). In summary, the ALJ found that 1) plaintiff had severe impairments due to degenerative disc disease of the lumbar spine and alcoholism, but that plaintiff's alleged depression was not "severe" within the meaning of the regulations; 3) that plaintiff's impairments or combination of impairments did not meet any listing; 4) that plaintiff could not perform his past "heavy" work, but retained the RFC for medium work within his restrictions; 5) that considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform.

After the ALJ's hearing, plaintiff submitted additional evidence, specifically, an RFC form completed by Dr. Nassef on November 4, 2008 (TR 194-198). The Appeals Council made it a part of the record on October 30, 2009 and referred to this post-hearing evidence in its decision to deny further review, indicating that the "opinion from Dr. Nassef does not provide any findings except unspecified side

---

[1] **Consistent with Ex. 4F, the state agency physicians' medium work assessment, the VE testified that plaintiff could do jobs, such as packager and motor vehicle assembler. At the light exertional level, the VE testified plaintiff could perform jobs, such as bottle packer and small parts assembler.**

effects from Lortabs and Zanaflex to support his statement of your capabilities and limitations" (TR 5). Plaintiff then sought judicial review of the Commissioner's decision.

## II. Plaintiff's Objections

Plaintiff disagrees with the ALJ's RFC determination. Specifically, plaintiff objects that: 1) the ALJ erred in not giving controlling weight to the RFC assessments of the two treating physicians (Drs. Mital and Nassef); 2) the ALJ erred in relying instead on the assessments of the two state agency physicians Drs. Holbrook and Hinzman, as well as the findings of consulting examiner Dr. Glaser; and 3) the Magistrate Judge erred in recommending that Dr. Nassef's post-hearing RFC opinion was untimely filed and should not be considered.

## III. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); White v. Comm'r of Soc. Sec., 572 F.3d 272, 281 (6th Cir. 2009). The ALJ's decision must be affirmed if the Court finds that the decision is supported by substantial evidence in the record as a whole. Kirk v. Sec. of HHS, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied,* 461 U.S. 957 (1983). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson, 402 U.S. at 401). The ALJ's decision may not be reversed

merely because substantial evidence would also support a different decision. Casey v. Sec. of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993).

IV.  Analysis

A. Whether the ALJ erred by not giving controlling weight to the opinions of the treating physicians

Plaintiff complains that the ALJ gave little weight to the RFC opinion of treating physician, Dr. Mital.  Plaintiff also complains that the ALJ did not mention the RFC opinion of Dr. Nassef, which plaintiff submitted after the administrative hearing.  The Court will first consider plaintiff's argument with respect to Dr. Mital's RFC opinion that plaintiff could not even do sedentary work.

"[G]reater deference is generally given to the opinions of treating physicians than to those of non-treating physicians." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 242 (6th Cir. 2007).  However, the opinion of a treating physician is not given controlling weight merely because it is from a treating physician.  The regulations provide that a treating physician's opinion will not be given controlling weight unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. §404.1527(d)(2); Blakely v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (to be given controlling weight, the opinion must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and not be "inconsistent . . . with other substantial evidence in the case record.").

If the ALJ does not find the treating physician's opinion to be entirely credible,

the ALJ may reject it, provided that good reasons are specified. Bogle v. Sullivan, 998 F.2d 342, 347-49 (6th Cir. 1993). An ALJ is not bound by conclusory statements of doctors, especially when those statements are not supported by any detailed objective criteria. Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001).

The ALJ gave good reasons for discounting the RFC opinion of Dr. Mital. Plaintiff saw general practitioner Dr. Mital between September 2006 and May 2008 for various issues, but saw him for back pain only four times, between September 2006 and January 2007 (TR 22, 152-167). On the first visit, Dr. Mital prescribed Voltaren (TR 167). Just a few months later (November 2006), plaintiff indicated his back pain was well controlled (TR 122, 165 "doing much better""). Despite this improvement, Dr. Mital's notes indicate that plaintiff subsequently came in for a "work physical actually to help get clearance to keep from working" (TR 152).

Although Dr. Mital indicated severe restrictions on the RFC form, the medical evidence, including his own treatment notes, reflects only very conservative treatment for plaintiff's back pain, i.e. medication only. See Maher v. Secretary of Health and Human Services, 989 F.2d 1106, 1109 (6th Cir. 1989) ("[m]ild medications taken by a claimant do not bear out allegation of severe disabling pain"). In fact, the ALJ explained that in most of Dr. Mital's notes, plaintiff's "back problem was not even mentioned as a condition or treated" (TR 22, 25, 152-67). The ALJ observed that when Dr. Mital did mention plaintiff's back problem in his notes, he indicated that plaintiff's back pain was "well controlled" (TR 22, citing Ex. 8F). See 20 C.F.R. § 404.1527(d)(4) ("Consistency." Generally, the more consistent an opinion is with the

record as a whole, the more weight we will give to that opinion."). Plaintiff's other complaints were not of disabling severity (see, e.g., TR 166 indicating his legs tingle off and on, but he "can live with it"). As the ALJ pointed out (TR 25), Dr. Mital's highly restrictive RFC opinion was inconsistent with his own treatment notes and other evidence of record (see, e.g., TR 159, noting that plaintiff's back pain was well controlled and that plaintiff "feels fine").

The RFC form completed by Dr. Mital was inconsistent with his own records. For example, it included the question "How many city blocks can your patient walk without rest or severe pain?" to which Dr. Mital indicated "rarely." However, Dr. Mital had repeatedly recommended in his 2007-2008 treatment notes that plaintiff do "30 minutes regular walking exercise daily" (TR 153-161). Other evidence of record, including the examination by consulting physician Dr. Glaser, indicated that plaintiff walked normally without assistance, had good strength, and no muscle atrophy (TR 24, 98). Additionally, the neurologist Dr. Nassef saw plaintiff several times in 2007-2008 and merely continued plaintiff's prescription for medication (TR 146-150).

The regulations provide that the "better an explanation a source provides for an opinion, the more weight we will give that opinion." 20 C.F.R § 404.1527(d)(3). The ALJ pointed out Dr. Mital had "failed to give specific findings and rationale to support his assessment" (TR 25, citing TR 188-84). Dr. Mital cited to the October 2006 MRI which showed only a "mild" disc bulge with no stenosis and pointed to no other objective data to support his extreme RFC opinion that plaintiff could not perform even sedentary work (TR 134-135, 184-88). See Heston v. Commissioner, 245

F.3d 528 (6th Cir. 2001)(finding that treating physician did not provide objective basis for his conclusions, and thus, his opinion was properly not given controlling weight).

Plaintiff argues that, contrary to the Magistrate Judge's recommendation that there were no test results or examination findings of neurologic deficit to justify the RFC findings from the treating physicians, "test results very clearly show orthopedic and neurologic deficit" (doc. no. 24 at 2). Initially, the Court notes that counsel's paraphrasing of the Magistrate Judge's recommendation is not accurate. Moreover, a mere diagnosis says nothing about the severity of any resulting functional limitations. A careful reading of the very thorough Report and Recommendation reflects that it accurately recites the medical evidence as a whole, including Dr. Nassef's progress notes which indicated that plaintiff had "no new focal deficits" and was "doing well" on medication (doc. no. 20 at 11-12, citing TR 147-150).

The Commissioner points out that a "lower back x-ray in September 2006 showed alignment of the lumbar vertebrae; well maintained vertebral body heights; mild disc space narrowing; degenerative changes in the facet joints of the lower lumbar spine; and no evidence of acute bony pathology" (doc. no. 18, citing TR 136). Additionally, a lower-back MRI in October 2006 showed previous back surgery and mild disc bulging without significant spinal stenosis (TR. 134-35). "The ALJ had the enormous task of making sense of the record, reconciling conflicting medical opinions and evidence, and weighing the credibility of [plaintiff's] subjective complaints." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001).

In any event, the ALJ – not the Magistrate Judge – is the relevant fact-finder

for purposes of review for substantial evidence. The ALJ specifically and accurately pointed out that Dr. Nassef's notes from 2007 indicated that plaintiff had no evidence of new neurological deficits from any previous EMG. The ALJ observed that Dr. Nassef saw plaintiff four times between August 2007 until May 2008 (TR 22, citing TR 147-50). The ALJ pointed out that Dr. Nassef's notes indicated plaintiff had "no active denervation" and indicated that plaintiff was "doing well" with medication (TR 22, 26, citing TR 147-50). Plaintiff's objection is without merit. With respect to the post-hearing RFC opinion of Dr. Nassef, this will be addressed in the discussion of plaintiff's third objection.

**B. Whether the ALJ's RFC Finding is Supported by Substantial Evidence**

Plaintiff contends that the ALJ erred in relying on the findings of consulting examiner Dr. Glaser and the RFC assessments of the two state agency physicians. Plaintiff contends that consulting physician Dr. Glaser examined plaintiff and determined that plaintiff was capable of only "mild to moderate" work activities.[2] Plaintiff claims that this is inconsistent with medium work, but does not explain his reasoning. However, Dr. Glaser actually indicated that plaintiff appeared capable of performing "at least a mild to moderate amount of sitting, ambulating, standing, bending, kneeling, pushing, pulling, lifting, and carrying heavy objects" (TR 98). Dr.

---

[2] "[T]he regulations do not require an ALJ to refer a claimant to a consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Foster v. Halter, 2001 WL 1750344 (6th Cir. (Ohio)), quoting Landsaw v. Secretary, 803 F.2d 211, 214 (6th Cir. 1986).

Glaser further indicated that plaintiff had "no difficulty reaching, grasping, and handling objects . . . no visual and/or communication limitations nor are there environmental limitations" (TR 98). Dr. Glaser indicated that plaintiff showed no evidence of muscle weakness or atrophy, had normal grasp strength (5/5), showed no evidence of nerve root damage, walked with a normal gait, had brisk deep tendon reflexes, had no trouble getting on or off the exam table, and that all his sensory modalities were well-preserved. Plaintiff does not explain how these findings are inconsistent with the requirements of medium work.

The state agency physicians both reviewed the medical evidence of record, including the consulting examiner's findings, and opined that plaintiff could perform medium work. A claimant is capable of performing medium work if he can lift up to fifty (50) pounds. 20 C.F.R. §404.1567(a); see Heston v. Commissioner, 245 F.3d 528 (6th Cir. 2001). In light of the evidence as a whole, including these RFC opinions and medical findings, this Court finds that the ALJ's RFC finding is supported by substantial evidence. Although plaintiff argues that the ALJ should have weighed the evidence differently and found plaintiff disabled for purposes of the Social Security Act, an ALJ's decision may not be reversed merely because substantial evidence might support a different decision. Casey, 987 F.2d at 1233.

It should also be pointed out that, in light of the plaintiff's daily activities and testimony at the hearing, the ALJ found plaintiff's complaints of functional limitations less than fully credible. A claimant's credibility may properly be discounted where an ALJ finds "contradictions among the medical reports,

claimant's testimony, and other evidence." Walters, 127 F.3d at 531. Although Dr. Mital's RFC assessment indicated that plaintiff could not even do sedentary work, his treatment notes repeatedly recommended that plaintiff exercise daily by walking for thirty minutes. Dr. Mital's own notes (and other evidence of record) indicate that plaintiff walked with a normal gait. His daily activities included preparing meals several times a week, cleaning, doing laundry and ironing, shopping, reading, and watching tv for 2-4 hours daily (TR 76-77). Plaintiff reports that he does chores, washes dishes, can manage his own money, and does some limited yard work (TR 103-106, Dr. Chiappone Ph.D. discussing plaintiff's self-reported abilities). Plaintiff indicated he has no problem taking care of his personal needs and grooming (TR 76). Despite reporting these daily activities, the ALJ observed that plaintiff testified at the hearing that he lives with his disabled girlfriend (who draws SSI benefits) and that she did most of the household chores (TR 22). The ALJ found plaintiff less than fully credible. The ALJ appropriately discussed plaintiff's credibility as part of the RFC determination (TR 22-24), and the ALJ's RFC finding was supported by substantial evidence.

## C. Whether Dr. Nassef's post-hearing RFC assessment may be considered, and alternatively, whether a sentence six remand is appropriate

Plaintiff argues that several weeks <u>after</u> the ALJ's hearing on October 27, 2008, he submitted an RFC form completed by Dr. Nassef on November 4, 2008. The Magistrate Judge correctly pointed out that plaintiff had "pointed to nothing in the record to show that Dr. Nassef's RFC assessment was actually filed with the ALJ's

office prior to the date" of the ALJ's decision, and thus recommended that such RFC not be considered when reviewing the ALJ's decision.  The record reflects that the Appeals Council made it a part of the record on October 30, 2009 and refers to it in its decision to deny further review (TR 5, 7).

The Court of Appeals for the Sixth Circuit has held that "where the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision." Cline v. Commissioner of Social Sec., 96 F.3d 146, 148 (6th Cir. 1996).  Since judicial review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, this Court can consider only the evidence of record that was presented to the ALJ at the hearing for the purpose of substantial evidence review.  Id.

When new evidence is offered, the court may remand the case in limited circumstances. Cline, 96 F.3d at 148.  Specifically, a district court may "remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." Id. (citing Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993).  A district court may issue a "sentence six" remand order when new evidence has come to light that was not available to the claimant at the time of the administrative hearing and that evidence might have changed the outcome of the prior proceeding.  Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991);  42 U.S.C. § 405(g)

("The court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding").

The Magistrate Judge recommended that the plaintiff had failed to show grounds for a sentence six remand. The Magistrate Judge explained that Dr. Nassef's RFC questionnaire was "new" only in the sense that it was prepared shortly after the hearing, although it was not based on any new medical evidence. The Magistrate Judge recommended that plaintiff had failed to present a valid justification for not acquiring this evidence from his own doctor prior to the hearing and had not shown "good cause" to justify a sentence six remand (doc. no. 20 at 14).

The Magistrate Judge further explained that the evidence was not actually "material" as it is not reasonably probable that the ALJ would have found plaintiff disabled upon review of this additional opinion (doc. no. 20 at 15). The Magistrate Judge aptly pointed out that "the ALJ likely would have determined that Dr. Nassef's RFC opinion is not supported by the objective evidence for the same reasons she rejected Dr. Mital's RFC opinion" (doc. no. 20 at 16, citing TR 25-26). Dr. Nassef's RFC pointed only to clinical findings consisting of "tenderness" over the lumbosacral area and left S1 joint and indicated that plaintiff's prognosis was "stable" (TR 194). This would not support severe restrictions, especially since Dr. Nassef had prescribed only a conservative course of treatment, i.e. medication that kept plaintiff's back pain "well-controlled."

**Plaintiff then attached to his objections a cover letter dated November 11, 2008 (doc. no. 24, Ex. 2). Plaintiff indicates his counsel mailed Dr. Nassef's RFC form to the Commissioner on that date, however this does not establish when it was received. Plaintiff also attached journal entries showing that counsel had checked with Dr. Nassef's office several times in previous months. The Court observes that plaintiff did not apprise the ALJ at the hearing about the existence of any pending new evidence or otherwise raise the issue. Plaintiff did not request further development of the record or ask for a continuance. The burden of providing a complete record is on the plaintiff. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 214 (6th Cir. 1986); Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001).**

**Plaintiff also bears the burden of demonstrating that remand is warranted. Foster, 279 F.3d at 357. A district court can remand a case for further administrative proceedings "if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." Id. "For the purposes of a 42 U.S.C. § 405 remand, evidence is new only if it was not in existence or available to the claimant at the time of the administrative proceeding." Id., citing Sullivan v. Finkelstein, 496 U.S. 617, 626 (citations omitted). Such evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." Sizemore v. Secretary of H.H.S., 865 F.2d 709, 711 (6th Cir. 1988).**

**Plaintiff has not established that there was a reasonable probability that the**

Commissioner would have reached a different decision if presented with this evidence. See, e.g, Sizemore, 865 F.2d at 711. Dr. Nassef's RFC was nearly identical to Dr. Mital's RFC and suffered from the same defect - namely, a lack of supporting objective evidence for extreme restrictions. Remand is inappropriate when it "would facilitate only the presentation of cumulative evidence." Young v. Sec'y of Health & Human Servs., 925 F.2d 146, 149 (6th Cir. 1990). The Court agrees with the Magistrate Judge's recommendation that a sentence six remand is not warranted here.

**V. Conclusion**

Upon *de novo* review of the record, especially in light of plaintiff's objections, the Court finds that the Commissioner's final decision is supported by substantial evidence in the record.

Accordingly, the plaintiff's objections are over-ruled, and the final decision of the Commissioner is AFFIRMED. This case is TERMINATED on the docket of this Court.

IT IS SO ORDERED.

                                            s/Herman J. Weber
                                            Herman J. Weber, Senior Judge
                                            United States District Court